UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GARY ORTIZ,

                  Plaintiff,

-against-

DAVID S. DINELLO, et al.,

                  Defendants.
```

No. 23-CV-3547 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are the parties' letters regarding Plaintiffs' motion to consolidate the "Tranche I Cases" arising out of Allen v. Koenigsmann, 19-cv-8173.  (See dkt. nos. 75, 77, 78, 80 in 23-cv-3547 and dkt. no. 96 in 23-cv-3286.)  As counsel have noted, they have been cooperating somewhat in the scheduling of discovery (notwithstanding the apparent suggestion of depositions of five plaintiffs on the same day in Defendants' counsel's lower Manhattan offices), (see dkt. no. 80 at 3). Counsel have also noted the inefficiency of requiring the same document to be filed in over twenty pending cases.  (Id. at 1.) Counsel have also noted there may or may not be common issues of law or fact across the Tranche I cases.  (Passim.)

In order to decrease the burden on counsel of filing a single document in over twenty cases and to increase the efficiency of discovery, the cases listed below (i.e., the Tranche I Cases) shall be consolidated for discovery. Counsel shall also confer with

1

respect to common questions of law or fact that may present themselves.

It does not appear that any other party is requesting a consolidated trial.  The Court further takes Defendants' point that they would be prejudiced at a consolidated trial due to the presence of individual Defendants who are party to several of the Tranche I Cases and against whom the Plaintiffs make similar—yet individualized and factually distinct—allegations in their respective complaints.  Accordingly, the Court does not order consolidation of the Tranche I Cases for trial.  If they so wish, the parties may raise the issue of consolidation for trial after discovery and motions, if any.

Plaintiffs' request to appoint a special master to oversee discovery in the Tranche I cases is denied.

Defense counsel is reminded of Section 1.A of the Court's Individual Practices, "letters shall be in at least 14-point type, both text and footnotes."

The Clerk of the Court shall close docket entry 75.  The Clerk of the Court shall also docket this order in each of the following cases listed below and close the following docket entries:

- <u>Allah v. Dinello</u>, 23-cv-3286: close docket numbers 93 and 94.

- <u>Alston v. Mueller</u>, 23-cv-3290: close docket numbers 56 and 57.

2

- <u>Bernard v. Dinello</u>, 23-cv-3323: close docket numbers 59 and 60.

- <u>Crichlow v. Dinello</u>, 23-cv-3386: close docket numbers 60 and 61.

- <u>Dunbar v. Hammer</u>, 23-cv-3391: close docket numbers 35 and 36.

- <u>Feder v. Dinello</u>, 23-cv-3392: close docket numbers 67 and 68.

- <u>Feola v. Mueller</u>, 23-cv-3393: close docket numbers 46 and 47.

- <u>Frateschi v. Hammer</u>, 23-cv-3394: close docket number 40.

- <u>Hale v. Mueller</u>, 23-cv-3396: close docket number 22.

- <u>Jacks v. Mueller</u>, 23-cv-3288: close docket number 71.

- <u>Jacobs v. Mueller</u>, 23-cv-3606: close docket number 41.

- <u>Locenitt v. Dinello</u>, 23-cv-3399: close docket number 97.

- <u>Marcial v. Mueller</u>, 23-cv-3455: close docket number 61.

- <u>Miller v. Hammer</u>, 23-cv-3462: close docket number 31.

- <u>Oleman v. Hammer</u>, 23-cv-3607: close docket number 40.

- <u>Perez v. Dinello</u>, 23-cv-3300: close docket number 59.

- <u>Reyes v. Dinello</u>, 23-cv-3315: close docket number 52.

- <u>Rivera v. Mueller</u>, 23-cv-3579.

- <u>Rivera v. Hammer</u>, 23-cv-3700: close docket number 55.

- <u>Rosado v. Mueller</u>, 23-cv-3718: close docket number 76.

- <u>Van Guilder v. Mueller</u>, 23-cv-3398: close docket number 58.

- <u>Wilkerson v. Hammer</u>, 23-cv-3397: close docket number 72.

- <u>Williams v. Dinello</u>, 23-cv-3608: close docket number 59.

**SO ORDERED.**

Dated:       February 20, 2024
             New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge